1
2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3
4
5
6
7

TIM RADECKI,

                                    Plaintiff,

          v.

BANK OF AMERICA, N.A., *et al.*,

                                    Defendants.

Case No. 2:22-cv-01726-ART-EJY

ORDER

8       This case involves a dispute over the validity of the parties' claim to title
9   over a property located in Las Vegas, Nevada.  Now pending are three motions:
10  Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Tim Radecki's First
11  Amended Complaint (ECF No. 40); Defendant Bank of America, N.A.'s Motion to
12  Expunge Lis Pendens (ECF No. 41); and Defendant National Default Servicing
13  Corporation's Motion to Dismiss Plaintiff Tim Radecki's First Amended Complaint
14  (ECF No. 54). For the reasons stated, the Court will grant each of these motions.

15  **I.      FACTUAL AND PROCEDURAL HISTORY**

16      Non-party borrowers purchased the property at issue, 6507 Copper Smith
17  Court, North Las Vegas, NV 89084, in February of 2008, subject to a mortgage
18  held by non-party Countrywide Bank, FSB in the amount of $179,550. (ECF Nos.
19  40-1, 40-2.) The next month, Fannie Mae acquired the loan, which it continues
20  to own today. (ECF 40-3.) Defendant Bank of America, N.A. ("BANA") is the loan
21  servicer for Fannie Mae and the current beneficiary of record of the Deed of Trust.
22  (ECF No. 40-4.) Defendant National Default Servicing Corporation ("NDSC") is the
23  current trustee under the Deed of Trust. (*Id.*)

24      The borrowers became delinquent on their loan in 2009. (ECF No. 40-5.)
25  Three Notices of Default were recorded against the property in 2010. (*Id.*) The
26  borrowers filed for bankruptcy in 2011, listing the property as one of their assets.
27  (ECF No. 40-8.) The bankruptcy court issued a bankruptcy discharge as to the
28  borrowers on June 1, 2011. (ECF No. 40-9.)

Because the borrowers also failed to pay HOA assessments, the HOA foreclosed on the property in 2013. (ECF Nos. 40-10, 40-11.) Plaintiff Tim Radecki purchased the property at the HOA foreclosure sale for $29,000. (ECF No. 40-11.)

In 2014, Plaintiff commenced a quiet-title action against BANA and recorded a lis pendens against the property, arguing that the HOA sale extinguished the Deed of Trust held by BANA. (ECF Nos. 40-12, 40-13.) The state court disagreed, finding the Plaintiff's arguments failed because of the Housing and Economic Recovery Act's ("HERA") Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3). (ECF No. 40-3.)

The current litigation stems from the 2022 Notice of Default recorded against the property by NDSC following the conclusion of the prior quiet-title action and the lifting of COVID restrictions. (ECF No. 40-4.) Attached to the 2022 Notice of Default was an affidavit of authority to exercise the power of sale that was attested to by BANA and identified BANA as the holder of the Note, the beneficiary of the Deed of Trust, and the servicer of the debt secured by the Deed of Trust. (*Id.*)

In September of 2022, Plaintiff filed this action in state court and recorded a lis pendens against the property. (ECF Nos. 1-1, 1-6.) BANA subsequently removed the action to this Court. (ECF No. 1.)

Plaintiff later filed a First Amended Complaint requesting declaratory and injunctive relief quieting title in his favor. (ECF No. 39.) Plaintiff alleges that NRS 106.240 extinguished Defendants' interest in the property because the debt secured by the Deed of Trust became "wholly due" more than ten years before Plaintiff filed the complaint. Plaintiff also alleges that Defendants violated various state and federal laws in their pursuit of foreclosure.

BANA moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) and to expunge the lis pendens. (ECF Nos. 40, 41.) NDSC joined both of BANA's

motions. (ECF Nos. 42, 43.) Plaintiff responded to both motions (ECF Nos. 46, 47), and BANA replied. (ECF Nos. 48, 49). NDSC joined in BANA's reply. (ECF No. 50.) NDSC then filed its own Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 54.) Plaintiff responded (ECF No. 55), and NDSC replied (ECF No. 60).

On December 1, 2023, Defendants recorded a Notice of Sale and scheduled a foreclosure sale of the property for January 12, 2024. (ECF No. 62-6.) On December 27, 2023, Plaintiff filed Emergency Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 62, 63) seeking to enjoin the foreclosure. BANA filed its responses on January 3, 2024. (ECF Nos. 67, 68.) The Court held an oral argument on the motions on January 5, 2024. On January 11, 2024, the Court filed an Order denying Plaintiff's emergency motions. The parties then filed a joint status report requesting adjudication of the pending motions to dismiss. (ECF No. 72.)

## II.    DISCUSSION

Fed. R. Civ. P. 12(b)(6) allows for challenges based on a failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But even a facially plausible claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016). Thus, to survive a motion to dismiss a claim must be both facially plausible and legally cognizable.

Plaintiff has not stated a legally cognizable claim for relief under NRS 106.240. The statute provides that any lien created by a mortgage or deed of trust terminates "at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due." NRS 106.240. The Nevada Supreme Court recently

1    held that under NRS 106.240, a debt becomes wholly due only according to two

2    things: "(1) the 'terms thereof,' referring to the mortgage or deed of trust, or (2)

3    'any recorded written extension thereof.'" *LV Debt Collect, LLC v. Bank of New*

4    *York Mellon*, 534 P.3d 693, 697 (Nev. 2023) (quoting NRS 106.240). "Thus, when

5    there is no recorded extension of the due date, the terms of the mortgage or deed

6    of trust dictate when the debt becomes wholly due." *Id.* Here, the Deed of Trust

7    and Note provide that the debt becomes wholly due on March 1, 2038. (ECF Nos.

8    40-1, 40-2.) Based on that date, NRS 106.240 cannot terminate Defendants' lien

9    on the property until 2048.

10    To shift the timeline up, Plaintiff points to various events that he argues

11    made the debt "wholly due" at an earlier date. Plaintiff argues that the bankruptcy

12    discharge made the debt wholly due at the time it was issued. Alternatively,

13    Plaintiff alleges that some correspondence between Defendants and the

14    borrowers before the borrowers filed for bankruptcy accelerated the debt and

15    made it wholly due for purposes of NRS 106.240. Finally, Plaintiff argues that

16    BANA is judicially estopped from claiming that the debt was not fully accelerated

17    through correspondence with the borrowers because of arguments it has made

18    in other litigation.

19    Each of these arguments fail for the same reason: the Nevada Supreme

20    Court has stated that only the terms of a mortgage or deed of trust, or any

21    recorded written extension thereof, may make a debt wholly due for the purposes

22    of NRS 106.240. *LV Debt Collect, LLC*, 534 P.3d at 697. Neither the bankruptcy

23    discharge nor any unrecorded correspondence can make the debt wholly due for

24    purposes of NRS 106.240 as a matter of law. Moreover, Plaintiff's judicial estoppel

25    argument conflates "acceleration" of a debt and a debt becoming "wholly due"

26    under NRS 106.240, which are distinct concepts. Plaintiff has not alleged any

27    facts or legal theories that support his NRS 106.240 claim under the rule laid out

28    by *LV Debt Collect*. The Court will therefore dismiss count one of the First

Amended Complaint.[1]

Plaintiff's second cause of action alleges that Defendants violated NRS 107 by having BANA, the purported beneficiary of the Deed of Trust, execute the Affidavit of Authority to Exercise the Power of Sale under NRS 107.0805. (ECF No. 40-4.) According to Plaintiff, NDSC, as the trustee, is the only entity with the authority to execute the Affidavit of Authority. The Court disagrees.

The statute plainly authorizes the "beneficiary, the successor in interest of the beneficiary, or the trustee" to execute the affidavit of authority required for non-judicial foreclosure. NRS 107.0805(1)(b); *see also TRP Fund V, LLC v. Nat'l Default Servicing Corp.*, No. 2:22-cv-830-JCM-DJA, 2023 WL 2328117, at *3 (D. Nev. Mar. 2, 2023) ("Only NRS 107.0805 directly governs who many execute an affidavit of authority, and it expressly authorizes a beneficiary to do so.") Given the clear statutory language here, the Court finds that Plaintiff has not alleged a cognizable claim under NRS 107.0805. The Court will therefore dismiss count two of the First Amended Complaint.

Plaintiff's third cause of action seeks declaratory and injunctive relief. Plaintiff requests an order from this Court based on his NRS 107 and NRS 106.240 claims finding that the foreclosure is void for failure to comply with NRS 107, that the foreclosure not be had, and that the Deed of Trust is terminated by operation of NRS 106.240. Because the Court is dismissing the first and second causes of action, the Court will also dismiss this request for declaratory relief that is derivative of those causes of action.

Plaintiff also seeks an order enjoining foreclosure on the property. For the reasons stated in the Court's Order denying Plaintiff's emergency motions for

---

[1] Plaintiff seemingly abandons his NRS 106.240 claim in his Response to NDSC's Motion to Dismiss, recognizing that his arguments cannot be reconciled with *LV Debt Collect, LLC*'s holding that "a deed of trust can only be presumed satisfied when 10 years have passed after the last possible date the deed of trust is in effect as shown by the maturity date on the deed of trust." (ECF No. 55 at 2.)

1    injunctive relief (ECF No. 70), the Court dismisses this request for injunctive relief
2    as well.

3         Finally, in the event the Court does not extinguish the Deed of Trust,
4    Plaintiff seeks an order from this Court enforcing the bankruptcy discharge and
5    voiding all post discharge claims by Defendants for additional monetary amounts
6    like late fees, penalties, and collection costs. Essentially, Plaintiff requests
7    declaratory relief finding the foreclosure wrongful if it includes any amount
8    accrued after the date of the borrower's bankruptcy discharge in the amount
9    sought in foreclosure. Plaintiff also requests an accounting of every amount
10   claimed due so any post discharge claims may be excised from the amount sought
11   in foreclosure.

12        Plaintiff's argument is that he should benefit from the discharge of the
13   borrower's personal liability and not have to satisfy the entire lien on the property.
14   This argument conflicts with bankruptcy law. "[D]ischarge of a debt of the debtor
15   does not affect the liability of any other entity on, or the property of any other
16   entity for, such debt." 11 U.S.C. § 524(e). A "discharge relieve[s] the Debtor of his
17   personal liability for his prebankruptcy debts, but [does] not affect the
18   [corresponding] liens." *In re Mirchou*, 588 B.R. 555, 571 (Bankr. D. Nev. 2018).
19   "[A] discharge extinguishes *only* 'the personal liability of the debtor.'" *Johnson v.*
20   *Home State Bank*, 501 U.S. 78, 83 (1991) (quoting 11 U.S.C. § 524(a)(1)). Plaintiff
21   therefore may not rely on the borrower's discharge to avoid paying post discharge
22   claims to satisfy the lien on the property. Moreover, a bankruptcy discharge does
23   not eliminate contractual provisions. *See Siegel v. Fed. Home Loan Mortg. Corp.*,
24   143 F.3d 525, 531 (9th Cir. 1998). Defendants are permitted to pursue any post
25   discharge charges allowed by the terms of the Deed of Trust, provided they are
26   not pursued against the borrowers. Here, they may be pursued in foreclosure to
27   satisfy the entire lien on the property. Because the Court finds that Defendants
28   may pursue post discharge claims in foreclosure, there is no need for the

1    accounting that Plaintiff requests.

2           Plaintiff's final argument, raised in response to NDSC's Motion to Dismiss
3    and not pled in his complaint, is that the six-year statute of limitations provided
4    by NRS 11.190 bars Defendants from pursuing post discharge claims that
5    accrued more than six years before Defendants began pursuing them.[2] The
6    problem with this argument is that NRS 11.190 does not appear to apply to the
7    nonjudicial foreclosure at issue. "NRS 11.190 serves only to bar judicial actions;
8    thus, they are inapplicable to nonjudicial foreclosures." *Facklam v. HSBC Bank*
9    *USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068, 1071 (Nev. 2017).
10   "Nonjudicial foreclosure is neither a civil nor a criminal judicial proceeding. It is
11   not commenced by filing a complaint with the court." *Id.* The foreclosure at issue
12   here is a nonjudicial foreclosure. It was not commenced by filing a complaint, but
13   rather by recording a Notice of Default and Election to Sell Under Deed of Trust.
14   (ECF No. 40-4.) NRS 11.190 is inapplicable here. The Court will therefore dismiss
15   Plaintiff's third cause of action for failure to state a plausible claim for relief.

16          The Court has discretion to grant leave to amend and should freely do so
17   "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly*
18   *Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave
19   to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing
20   party; (3) the request is made in bad faith; (4) the party has repeatedly failed to
21   cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v.*
22   *BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

23          Here, the Court will deny leave to amend because amendment would be
24   futile. Plaintiff's NRS 106.240 and NRS 107 claims both fail as a matter of law,
25   and there is no plausible set of facts that would make either claim viable.

26

27   _____
     [2] In his brief, Plaintiff cites to NRS 11.090(1) seemingly in error. The case Plaintiff cites
28   to support his argument cites to NRS 11.190. *See Clayton v. Gardner*, 813 P.2d 997, 998
     n.1 (Nev. 1991).

Plaintiff's third cause of action similarly cannot be cured with leave to amend, as much of it is derivative of the other causes of action. The arguments that are not derivative also fail as a matter of law and cannot be cured with amendment.

Finally, the Court will expunge the lis pendens recorded against the property. NRS 14.015 requires that a court must either be satisfied "[t]hat the party who record the notice is likely to prevail in the action" or "has a fair chance of success on the merits in the action." Given the dismissal of all claims without leave to amend, Plaintiff meets neither standard.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss Plaintiff's First Amended Complaint are both GRANTED. (ECF Nos. 40, 54.) Plaintiff's First Amended Complaint is therefore dismissed with prejudice and without leave to amend.

IT IS FURTHER ORDERED that Defendant BANA's Motion to Expunge Lis Pendens is GRANTED. (ECF No. 41.)

The Clerk of the Court is direct to enter judgment accordingly.

DATED THIS 19th day of March 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE